## Nancy J. Douthett v. H. S. Gibson, Appellant.

*Oil and gas lease—Conflicting covenants—Option to surrender—Laches.*

A gas lease contained a covenant for monthly payments of rent in advance and also that upon a surrender the tenant would be released from all moneys due and conditions unfulfilled. The landlord demanded rent in arrears for some months; the tenant neither paid the rent demanded nor offered to surrender the lease in response to this demand. Suit was brought for the rent and after suit the tenant surrendered the lease. *Held*, that in view of the defendant's laches plaintiff's right of action was complete and that judgment on a verdict for the rent accrued must stand.

The abstract question in the case, Whether the surrender of the lease by the tenant released him from the payment of the rental stipulated for in advance under the first covenant, which question is dependent upon the construction of the agreement independently of the acts of the parties, not decided.

Argued May 9, 1899. Appeal, No. 144, April T., 1899, by defendant, from judgment of C. P. Butler Co., June T., 1898, No. 53, on verdict for plaintiff. Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER, W. D. PORTER and BEEBER, JJ. Affirmed. Opinion by BEAVER, J.

Assumpsit. Before GREER, P. J.

The facts sufficiently appear from the following extract of the opinion of the court below refusing a new trial:

The lease is on what is known as the "Heydrick" farm and contains a clause binding the lessee to commence operations within thirty days from its execution or in lieu thereof thereafter pay to the lessor $20.00 per month in advance until work is commenced. Work was not commenced on the lease and no rents were paid for the last ten months immediately before bringing suit.

Defendant submitted the following points:

[1. The court is respectfully requested to say to the jury that under the contract of lease offered in evidence by the plaintiff the defendant had the right to surrender up the said contract of lease at any time and be released from all moneys due and conditions unfulfilled, and that said defendant having, as the evidence shows, surrendered up the lease, he was thereby released from all moneys due, including the amount now in suit and conditions unfulfilled. *Answer:* Refused.] [1]

[2. The court is respectfully requested to say to the jury that under the evidence and the law governing this case the plaintiff cannot recover and that their verdict should be for the defendant. *Answer:* Refused.] [2]

Defendant excepts to the ruling of the court and instructions to the jury, and the answers to defendant's first and second points, and respectfully requests the court to seal a bill.

November 23, 1898, bill of exceptions sealed at request of defendant's counsel.

The court instructed the jury to find a verdict for plaintiff. Verdict and judgment for plaintiff for $211.50. Rule for new trial granted on motion of defendant which was afterwards discharged, and judgment entered on the verdict. Defendant appealed.

*Errors assigned* were (1, 2) refusal of defendant's first and second points, reciting same. (3) Instructing the jury to find a verdict for plaintiff.

*Clarence Walker,* for appellant.—In order to reach its conclusion the court ignored the contract sued on and offered in evidence by the plaintiff and substituted therefor a contract, not made by the parties or offered in evidence but a contract which the court below conceived the parties ought to have made or did intend to make: Galey v. Kellerman, 123 Pa. 491; Wills v. Gas Co., 130 Pa. 222; Ray v. Gas Co., 20 Atl. Rep. 1065.

*T. C. Campbell,* for appellee.—The purpose of the lessor was to have the land developed for oil and gas; the lessee desired to secure the control of the territory upon a promise to drill or pay a sum monthly called rental, and the sum to be paid in lieu of operations was intended to compel the development of the land and so accomplish the object of the lessor: Gas Co. v. George, 161 Pa. 47; Aderhold v. Supply Co., 158 Pa. 401.

It would require a plain, unambiguous stipulation that a surrender should operate as a release of all rents due and damages accrued, to induce the court to give to the act of the tenant such an effect as is claimed for it in this case: Aderhold v. Supply Co., 158 Pa. 401; McMillen v. Phila. Co., 159 Pa. 142.

If a contract is susceptible of two interpretations, one being

senseless and nugatory, while the other is consistent with and accomplishes the intention of the parties thereto, the latter should be adopted: 2 Story on Contracts (4th ed.), sec. 658*a ;* Shreffler v. Nadelhoffer, 133 Ill. 536; s. c. 23 Am. St. Rep. 626.

OPINION BY BEAVER, J., October 9, 1899:

The defendant, who is the appellant here, leased from the plaintiff a tract of land " for the purpose of operating and drilling for petroleum and gas " and the purposes incident thereto.   In case of development, the rent was to consist of a royalty of the one-eighth part of all the petroleum obtained from the said premises and for gas $200 per annum.   Two additional covenants contained in the lease were as follows: " The party of the second part agrees to commence operations within thirty days from the execution of this lease, or in lieu thereof thereafter pay to the said party of the first part $20.00 per month in advance until work is commenced, said rental to be paid at the Butler Savings Bank, Butler, Pa."   " And it is further agreed that the second party, his heirs or assigns, shall have the right at any time to surrender up this lease and be released from all moneys due and conditions unfulfilled; then and from that time this lease and agreement shall be null, void and no longer binding on either party and the payments which shall have been made shall be held by 'the party of the first part as the full stipulated damages for the nonfulfilment of the foregoing contract."

The defendant assigned his lease to a third party but neither he nor his assignee developed the property by drilling a well thereon.   Demand was made for the amount due under the covenant first above recited, but he neither paid nor offered to surrender the lease.   After suit brought he obtained a reassignment of the lease and shortly thereafter delivered it by way of surrender to the attorney of the plaintiff.   On the trial defendant claimed that the surrender made after suit brought absolved him from all liability under his covenants in the lease, asking the court to charge the jury that by reason of said surrender he was released from all moneys due, including the amount now in suit and conditions unfulfilled.   The court refused to so charge and directed a verdict for the plaintiff.

The specifications of error, although varied in form, all re-

late to the single question which is the important one in the case, namely, Did the surrender of the lease by the defendant release him from the payment of the rental stipulated to be paid monthly in advance under the covenant first above quoted? This question is argued by the counsel for the appellant as if it were an abstract one based entirely upon the construction of the agreement itself. It is to be noted, however, that it is to be considered in reference to the particular facts of this case, namely, that the surrender was not made until after a demand for payment and a refusal by the defendant and after a suit had been brought to enforce the provisions of the agreement. In Ray v. Natural Gas Co., 138 Pa. 576, Mr. Justice CLARK, in delivering the opinion of the court, said: "No case has been brought to our notice in which the lessee was allowed to take advantage of his own wrong or to set up his own default to work a forfeiture of his own contract. It must be conceded, however, that, if the old rule is the right one, this anomalous result must ensue. Persons may perhaps contract expressly in this form and to this effect. When they do, the transaction amounts to a mere option and the lessee in setting up his own default simply avails himself of an elective right secured to him in his contract." Assuming, as we fairly may, that the agreement under consideration amounts in legal effect to a mere option, it must not be so construed as to extend the elective right thereunder beyond what is reasonable and fair. There was a time when the defendant was bound to exercise his right of election under the option. That time came to him, when the plaintiff made the demand for the accrued rentals under the agreement. He not only declined to pay but did nothing. He should have exercised his right of election at that time and surrendered the lease. This he did not do, nor did he offer to do it. It is true that the lease was beyond his control, having been assigned to a third party, but this was not the fault of the plaintiff and, in default of payment or surrender, she, as she undoubtedly had a right to do, brought her suit. She thereby incurred costs and expenses, based upon the natural presumption that the defendant intended to retain the possession of the property. Nothing remained for the plaintiff but to sue. The conduct of the defendant was a practical invitation to her to do so. Her right of action was complete. After suit brought and

costs and expenses thereby incurred, new rights had accrued which, in view of defendant's laches, it would be grossly inequitable to permit him to defeat by a mere surrender of the lease, without the tender even of the accrued costs. Without determining, therefore, the abstract question involved in the case, and construing the agreement independently of the acts of the parties, we are clearly of the opinion that, under the circumstances, the defendant fixed his liability under the agreement at the time of the demand of the plaintiff for the amount due under the agreement, and that the judgment entered upon the verdict for that amount should be allowed to stand.

Judgment affirmed.